UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Courtney Willis | ) | CASE NO: 1:22CV625 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Harold May | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Courtney Willis has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner is incarcerated in an Ohio penal institution and is challenging his 2018 conviction in the Cuyahoga County Court of Common Pleas.

## I. Background

Petitioner was convicted in March 2018 on several counts, including burglary, criminal damaging, theft, and petty theft. *See State v. Willis*, 2019 Ohio App. LEXIS 568 (Ohio Ct. App. Feb. 14, 2019). On April 16, 2018, he appealed his conviction to the Eighth District Court of Appeals, alleging prejudicial joinder of multiple offenses in a single trial and a violation of his speedy trial rights. *Id.* at *1. Apparently, a clerical error at the court of appeals caused Petitioner's case to be docketed as two appeals: *State v. Willis*, 8th Dist. Cuyahoga No. 107070 and *State v. Willis*, 8th Dist. Cuyahoga No. 107071. *See Willis v. Cuyahoga Cty. Common Pleas Court*, 2022 Ohio App. LEXIS 260, * 1-2 (Ohio Ct. App. Jan. 28, 2022). The Eighth District sua sponte dismissed Case No. 107071

as duplicative. *Id.* On the same day, the administrative judge of the common pleas court issued the standard order that "this case [No. 107071] will remain with the court of appeals until 6/02/2018. If no other filing has tolled the time of appeal to the Ohio Supreme Court, the case will then be returned to the docket of the originating court by the administrative judge." *Id.* at *2.

On February 14, 2019, the Eighth District affirmed Petitioner's convictions. *Willis*, 2019 Ohio App. LEXIS 568, at * 27. It does not appear that Petitioner appealed this decision to the Ohio Supreme Court.

On June 9, 2021, Petitioner filed a petition for a writ of habeas corpus in this Court challenging his 2018 conviction. *See Willis v. Bowen*, 2021 U.S. Dist. LEXIS 227477 (N.D. Ohio Nov. 29, 2021). In this petition, Petitioner asserted as a ground for relief that his state court case had been overturned and he was awaiting the reinstatement of his case. *See Willis v. Bowen*, Case No. 1:21-cv-1165 (Doc. No. 1 at 5). This Court dismissed the petition, finding Petitioner had not presented the claim he sought to raise in the Ohio Supreme Court and therefore had not exhausted his claim. *Id*. (Doc. No. 6).

On December 14, 2021, Petitioner filed a petition for a writ of *habeas corpus* in the Eighth District Court of Appeals, alleging he was entitled to relief because his convictions had been overturned by the court of appeals and his case had not yet been reinstated as noted in the court's journal entry. *See Willis*, 2022 Ohio App. LEXIS 260, at * 1. The Eighth District concluded that Petitioner had misinterpreted the court's prior orders dismissing Case No. 107071 as duplicative, and it found that Petitioner failed to state a cause of action for habeas corpus relief "or any other extraordinary writ." *Id.* at * 2-3.

2

On January 10, 2022, Petitioner filed a petition for a writ of habeas corpus in the Ohio Supreme Court, once again claiming that he is entitled to relief because his convictions had been overturned by the Eighth District Court of Appeals and his case had not yet been reinstated. *See Willis v. Administrative Judge Cuyahoga County Common Pleas Court*, Case No. 2022-0033, 2022-Ohio-798 (Ohio 2022). The Ohio Supreme Court dismissed the action. *Id.*

Petitioner now files this action seeking a writ of habeas corpus. In this petition, Petitioner claims that his conviction was overturned and his case had not been reinstated. He states as his ground for relief as follows: "(App. R. 25) Certified Conflict, Article 4, Section 3(B)4 of the Ohio Constitution." (*See* Doc. No. 1 at 5).

## II. Standard of Review and Discussion

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases, the district court must promptly examine a habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* 28 U.S.C. §2243. If so, the petition must be summarily dismissed. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.*

Under 28 U.S.C. § 2254, a federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C.A. § 2254(a). It is not the province of a federal court to reexamine state court determinations on state law questions. *Estelle v.*

*McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *see also Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (federal habeas court does not review state courts' decisions on state law or procedure). In conducting habeas review, this Court is limited to deciding whether the petitioner's conviction or sentence violated his federal constitutional rights.

Here, Willis appears to claim that his state court case was overturned by the Eighth District Court of Appeals and has yet to be reinstated as purportedly commanded by the journal entry. Petitioner claims this error is a violation of Ohio Appellate Rule 25 governing certified conflicts. Petitioner's claim is based solely on an alleged error of state law. It does not rest on a violation of federal constitutional law and is therefore not cognizable on federal habeas review. *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir.1998).

### III. Conclusion

Accordingly, Willis's motion to proceed *in forma pauperis* (Doc. No. 2) is granted. And for the foregoing reasons, Willis's Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

June 6, 2022                                    */s/ John R. Adams*
                                                                 JUDGE JOHN R. ADAMS
                                                                 UNITED STATES DISTRICT COURT